**E-FILED on**   6/11/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESUS GASPAR,<br><br>        Petitioner,<br><br>   v.<br><br>DAVID SEPULVEDA; EDWARD FLORES;<br>ANTHONY AIELLO; JULIE MYERS;<br>MICHAEL J. YAMAGUCHI; MICHAEL<br>CHERTOFF; and ALBERTO GONZALES,<br><br>        Respondent. | No. C-07-2905 RMW<br><br><br>ORDER DENYING APPLICATION FOR<br>ORDER TO SHOW CAUSE<br><br>**[Re Docket Nos. 1, 2]** |

    Petitioner Jesus Gaspar asks the court to issue an order to show cause why petitioner should not be released from Immigration and Customs Enforcement ("ICE") custody in advance of his hearing before an immigration judge as to the appropriateness of continuing his detention. Petitioner further asks this court to order respondents to respond within three days of the court's order.

### I. BACKGROUND

    Petitioner Jesus Gaspar is a 25-year old Mexican national who has been a lawful permanent resident of the United States since September 9, 2002. His fiancee, Ms. Adriana Bonilla, and their two children are U.S. citizens.

    On May 9, 2007, petitioner was arrested by Department of Homeland Security ("DHS") officers at his place of work and served with a Notice to Appear which alleges that petitioner was

ORDER DENYING APPLICATION FOR ORDER TO SHOW CAUSE—No. C-07-2905 RMW
MAG

1  convicted of a misdemeanor violation of California Penal Code § 273.5(a) (Infliction of a Corporal
2  Injury on a Spouse or Co-Habitant) and that petitioner is subject to removal as an alien "who at any
3  time after admission is convicted of a crime of domestic violence . . . ." INA § 236(a)(2)(E)(I), 8
4  U.S.C. § 1227(a)(2)(E)(I). He has been detained at the Santa Clara County Jail since that time.

5  After retaining counsel on May 16, 2007, petitioner, through counsel, requested the
6  immigration judge ("IJ") to schedule a bond hearing. On the date of the scheduled bond hearing,
7  May 23, 2007, DHS failed to bring petitioner to the hearing. This required the IJ to reschedule the
8  hearing for May 30, 2007.

9  When petitioner's counsel raised the subject of a bond at the May 30, 2007, DHS counsel
10 asserted that petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)[1] because he
11 had been (1) convicted of a misdemeanor violation of California Penal Code § 148(a)(1) (resisting,
12 delaying or obstructing an officer); and (2) that this conviction constitutes a crime involving moral
13 turpitude under § 1227(a)(2)(A)(ii). Although petitioner's counsel offered to present oral argument
14 as to why a violation of Penal Code § 148(a)(1) was not a crime involving moral turpitude, the IJ
15 stated that he needed time to research the law and ordered the parties to submit briefs on whether
16 DHS was substantially unlikely to establish that petitioner is deportable under § 1227(a)(2)(A)(ii)
17 for having been convicted two or more crimes involving moral turpitude. On June 5, 2007,
18 petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

---

[1] 8 U.S.C. § 1226(c)(1) provides:
> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182 (a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227 (a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227 (a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [1] to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182 (a)(3)(B) of this title or deportable under section 1227 (a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

*(Left margin: **United States District Court** / For the Northern District of California)*

## II. ANALYSIS

### A. Overview of the Mandatory Detention Procedure

8 U.S.C. § 1226(c) requires the Attorney General to take into custody and mandatorily detain certain aliens. *See* 8 U.S.C. § 1226(c). This includes aliens who are "deportable" because they have been convicted of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), or convicted two or more crimes involving moral turpitude under § 1227(a)(2)(A)(ii). 8 U.S.C. § 1226(c)(1)(B).

After DHS takes an alien into custody and orders him mandatorily detained under § 1226(c), a "*Joseph* hearing" before an IJ is "immediately provided" if the alien claims he is not covered by § 1226(c). *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003); *see also* 8 C.F.R. §§ 236.1(d)(1) & 1236.1(d)(1) (explaining that an IJ may redetermine the initial custody and bond determination of the district director any time before a final deportation order); § 1003.19(h)(1)(ii) (providing that an alien may seek a "determination by an immigration judge that the alien is not properly included" within § 1226(c)). "At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Kim*, 538 U.S. at 514 n.3 (citations omitted). Per *In re Joseph*, 22 I. & N. Dec. 799 (BIA 1999), a *Joseph* hearing provides an alien "the opportunity to offer evidence and legal authority on the question whether the Service has properly included him within a category that is subject to mandatory detention."

"If the IJ determines the alien does fall within § 1226(c), then he is without authority to conduct an individualized bond determination. *See* 8 C.F.R. § 1003.19(h)(1)(i)(E). However, if the IJ determines the alien does not fall within § 1226(c), then he may consider the question of bond." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1013 (7th Cir. 2004) (citing *Joseph*, 22 I. & N. Dec. 799 (BIA 1999) ("A determination in favor of an alien on this issue does not lead to automatic release. It simply allows an [IJ] to consider the question of bond . . . .")). The IJ's ruling can thereafter be appealed to the Board of Immigration Appeals for review under the same governing principles. *Id.* (citing 8 C.F.R. §§ 236.1(d)(3) & 1236.1(d)(3)).

### B. Petitioner's Claims

Under *Joseph*, "a lawful permanent resident will not be considered properly included in a mandatory detention category only when an Immigration Judge is convinced that the Service is substantially unlikely to establish, at the merits hearing, the charge or charges that subject the alien to mandatory detention." *Joseph*, 22 I. & N. Dec. 799. Petitioner contends that because *Joseph* misallocates the burden of demonstrating the inapplicability of § 1226(c) between those detained by DHS and the government, he will inevitably be subject to an unconstitutional *Joseph* hearing. According to petitioner, this court should issue an order to show cause why respondents should not be ordered to grant petitioner a "*Joseph*-type hearing that comports with procedural due process by placing the burden on DHS to establsih by clear, convincing, and unequivocal evidence that its detention is . . . authorized by INA § 236(c)(1)(B), 8 U.S.C. § 1226(c)(1)(B)." Petition at 10, 24.

In support of his argument, petitioner relies heavily upon the concurring opinion by Judge Wallace Tashima in *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). Judge Tashima's concurrence states unambiguously "the *Joseph* standard is not just unconstitutional, it is egregiously so. The standard not only places the burden on the defendant to prove that he should not be physically detained, it makes that burden all but insurmountable." *Id.* at 1246; *see also Demore v. Hyung Joon Kim*, 538 U.S. at 560 (Stevens, J., dissenting) (noting that broad justifications regarding detention of aliens during removal proceedings may only provide weak justification for detention because "[s]ome individual aliens covered by § 1226(c) have meritorious challenges to removability or claims for relief from removal.").

In *Tijani*, the Ninth Circuit panel did not reach the constitutional issues discussed in Judge Tashima's concurrence, and instead remanded the case to the district court with directions to grant the writ unless the government provided a hearing before an IJ with the power to grant him bail. *Tijani*, 430 F.3d at 1242. Here, it would appear that petitioner's hearing before the IJ is imminent. Petitioner submitted his brief to the IJ on June 1, 2007 and DHS's opposition brief is due by June 15, 2007. Nevertheless, petitioner seeks to mount a facial challenge to the *Joseph* hearing standard in advance of the upcoming hearing, asking that the court order the IJ to conduct the bond hearing utilizing a standard other than that set forth in *Joseph*.

ORDER DENYING APPLICATION FOR ORDER TO SHOW CAUSE—No. C-07-2905 RMW
MAG                                  4

The court is sympathetic to the severity of consequences resulting from petitioner's detention and recognizes that there is concern regarding the constitutionality of the *Joseph* standard. However, as recognized in *Tijani*, the court should avoid the constitutional issue, if possible. *See, e.g.*, *Delaware & Hudson Co.*, 213 U.S. 366, 407 (1909). Here, the *Joseph* hearing has not yet occurred and the IJ has not yet applied the standard the petitioner challenges in the instant petition. An "unconstitutional" hearing is not inevitable: the IJ could apply the principles set forth in the Judge Tashima's *Tijani* concurrence. The court thus denies petitioner's application for an order to show cause on his petition for writ of habeas corpus. This denial is without prejudice. If the *Joseph* hearing standard is applied and petitioner is denied bond based upon that standard, petitioner may reapply to the court to issue an order to show cause.

### III. ORDER

For the reasons set forth above, petitioner's application for an order to show cause is denied without prejudice.

DATED:   6/11/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

Robert B. Jobe    bob@jobelaw.com

**Counsel for Respondents:**

No appearance

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   6/11/07                              /s/ MAG
                                              **Chambers of Judge Whyte**